Eastern District of Kentucky
FILED
FEB 0 3 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

| | |
|---|---|
| AARON LACEFIELD, ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| vs. ) | Civil Action No. 06-12-KKC |
| ) | |
| ) | |
| LG ELECTRONICS USA, INC. and ) | |
| LG ELECTRONICS, INC., ) | |
| ) | |
| DEFENDANTS ) | |

ANSWER OF DEFENDANT LGE ELECTRONICS U.S.A., INC.

Defendant LG Electronics U.S.A., Inc. ("LGE USA"), for itself alone and for no others, answers the Complaint of Aaron Lacefield ("Complaint") herein as follows:

1. LGE USA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint.

2. LGE USA admits that it is incorporated in the state of New Jersey, is authorized to do business in the Commonwealth of Kentucky and has a registered agent for service of process with an office in Frankfort, Kentucky. LGE USA denies each and every remaining allegation contained in paragraph 2 of the Complaint.

3. LGE USA admits that LG Electronics, Inc. ("LGE") is a Korean Corporation with its principal place of business and principal office in Seoul, Korea. LGE USA denies each and every remaining allegation contained in the first sentence of paragraph 3 of the Complaint. The allegations contained in the second sentence of paragraph 3 of the Complaint are a legal conclusion, and thus no responsive pleading is required.

-2-

4. LGE USA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint.

## RESPONSE TO COUNT I

(Strict Liability; Breach of Express and/or Implied Warranties)

5. With respect to the allegations contained in paragraph 5 of the Complaint, LGE USA repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 5 of this Answer with the same force and effect as though set forth here in full.

6. LGE USA admits that LGE designed, manufactured and inspected, cellular telephone model number C1300 and denies each and every remaining allegation contained in the first sentence of paragraph 6 of the Complaint. LGE USA denies each and every allegation contained in the second and third sentences of paragraph 6 of the Complaint.

7. LGE USA admits that LGE manufactured cellular telephone model number C1300 and denies each and every remaining allegation contained in the first sentence of paragraph 7 of the Complaint. LGE USA denies each and every allegation contained in the second sentence of paragraph 7 of the Complaint.

8. LGE USA admits that LGE offers a limited warranty for cellular telephone model number C1300 and denies each and every remaining allegation contained in the first sentence of paragraph 8 of the Complaint. LGE USA denies each and every allegation contained in the second and third sentences of paragraph 8 of the Complaint.

9. LGE USA admits that LGE offers a limited warranty for cellular telephone model number C1300 and denies each and every remaining allegation contained in paragraph 9 of the Complaint.

## RESPONSE TO COUNT II

(Negligence)

10. With respect to the allegations contained in paragraph 10 of the Complaint, LGE USA repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 9 of this Answer with the same force and effect as though set forth here in full.

11. LGE USA denies each and every allegation contained in paragraph 11 of the Complaint.

12. LGE USA denies each and every allegation contained in paragraph 12 of the Complaint.

## RESPONSE TO FIRST COUNT OF DAMAGES

13. With respect to the allegations contained in paragraph 13 of the Complaint, LGE USA repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 12 of this Answer with the same force and effect as though set forth here in full.

14. LGE USA denies each and every allegation contained in paragraph 14 of the Complaint.

15. LGE USA denies each and every allegation contained in paragraph 15 of the Complaint.

16. With respect to the unnumbered paragraph immediately following paragraph 15 of the Complaint, LGE USA denies each and every allegation contained in said paragraph

except admits that plaintiff purports to seeks damages but denies that there is any factual or legal basis for such relief.

### AS FOR A FIRST DEFENSE, LGE USA ALLEGES:

1. Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

### AS FOR A SECOND DEFENSE, LGE USA ALLEGES:

2. The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD DEFENSE, LGE USA ALLEGES:

3. Plaintiff's claims are barred because LGE USA did not design, manufacture, repair, maintain, market, distribute or sell the cellular phone which purportedly caused Plaintiff's injury.

### AS FOR A FOURTH DEFENSE, LGE USA ALLEGES:

4. To the extent that Plaintiff relies upon any theory of breach of warranty, LGE USA relies upon every defense set forth in KRS 355.2-101, et seq., including but not limited to lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

### AS FOR A FIFTH DEFENSE, LGE USA ALLEGES:

5. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### AS FOR A SIXTH DEFENSE, LGE USA ALLEGES:

6.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the use of the cellular telephone.

### AS FOR A SEVENTH DEFENSE, LGE USA ALLEGES:

7.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the unreasonable alteration, modification, misuse or abuse of the cellular telephone by Plaintiff or others.

### AS FOR AN EIGHTH DEFENSE, LGE USA ALLEGES:

8.     The injuries and damages about which Plaintiff complains were caused in whole or in part by his own negligence and failure to exercise a reasonable degree of care for his own safety and such failure was the proximate cause of, or a substantial factor contributing to, his alleged injuries and damages. Therefore, any liability that might otherwise be imposed upon LGE USA is subject to reduction by the application of the doctrine of comparative negligence.

### AS FOR A NINTH DEFENSE, LGE USA ALLEGES:

9.     LGE USA is not guilty of negligence and violated no duty owing to Plaintiff.

### AS FOR A TENTH DEFENSE, LGE USA ALLEGES:

10.    At no time material hereto was any product referred to in the Complaint defective or unreasonably defective.

### AS FOR AN ELEVENTH DEFENSE, LGE USA ALLEGES:

11. Plaintiff's claims are barred by the failure to prevent or mitigate the damages claimed.

### AS FOR A TWELFTH DEFENSE, LGE USA ALLEGES:

12. LGE USA relies upon every defense set forth in Kentucky's Product Liability Act, KRS 411.300-411.350.

### AS FOR A THIRTEENTH DEFENSE, LGE USA ALLEGES:

13. The injuries and damages about which Plaintiff complains were caused in whole or in part by the actions and omissions of Third-Parties over whom LGE USA had no control and form whom LGE has no liability. Therefore, LGE USA is entitled to indemnity, contribution and/or apportionment or fault under the doctrine of comparative negligence.

### AS FOR A FOURTEENTH DEFENSE, LGE USA ALLEGES:

14. LGE's product was designed and manufactured in accordance with all applicable local, state and federal laws, codes, rules, regulations, ordinances, and statutes, and therefore LGE USA is relieved of any liability.

### AS FOR A FIFTEENTH DEFENSE, LGE USA ALLEGES:

15. The design and manufacture of LGE's product was in conformity with the generally recognized state of the art at the time the product was designed and manufactured, and therefore LGE USA is relieved of any liability.

### AS FOR A SIXTEENTH DEFENSE, LGE USA ALLEGES:

16. Plaintiff is barred from recovering any damages because there was no practical or technically feasible design or formulation that would have prevented the harm alleged without substantially impairing the usefulness or intended purpose of the product.

### AS FOR A SEVENTEENTH DEFENSE, LGE ALLEGES:

17. To the extent there were any risks associated with the use of the product which is the subject matter of the Complaint which LGE knew or should have known and which gave rise to a duty to warn, LGE at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

### AS FOR AN EIGHTEENTH DEFENSE, LGE ALLEGES:

18. Plaintiff's claims are barred in whole or in part under comment f to Section 402A of the Restatement (Second) of Torts.

### AS FOR A NINETEENTH DEFENSE, LGE ALLEGES:

19. Plaintiff's claims are barred in whole or in part under comment g to Section 402A of the Restatement (Second) of Torts.

### LGE USA'S JURY DEMAND

20.. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, LGE USA hereby requests a trial by jury.

21.. LGE USA incorporates by reference and makes a part hereof all other applicable affirmative defenses set forth in the answers of any other defendant and will rely on all defenses which may become available during discovery or trial.

- 8-

22.. Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable LGE USA to determine all of its legal, contractual and equitable rights, LGE USA reserves the right to amend and/or supplement its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

WHEREFORE, having fully answered the Complaint, LGE USA hereby requests the Court to:

 A. Dismiss the Complaint with prejudice, the plaintiff taking nothing thereby;

 B. Deny that request to certify any class or subclass;

 C. Award LGE USA its cost of suit and attorneys' fees, under any applicable statute; and

 D. Grant such other and further relief as this Court deems just and equitable.

Respectfully submitted,

FROST BROWN TODD LLC
Winston E. Miller
Susan S. Wettle

*Susan S. Wettle* /s/ AMW

400 West Market Street, Suite 3200
Louisville, KY 40202-3363
Phone: (502) 589-5400
Fax:   (502) 581-1087

*Attorneys for LGE Electronics U.S.A., Inc.*

OF COUNSEL:

Rita M. Haeusler
Noah Graff
HUGHES HUBBARD & REED LLP
350 South Grand Avenue
Los Angeles, CA 90071-3442
(213) 613-2800
(213) 613-2950 (facsimile)
*[To be Admitted Pro Hac Vice]*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer was served via U.S. Mail, postage prepaid, on the 3rd day of February, 2006 to the following:

Liz J. Shepherd
310 Starks Building
455 S. Fourth Avenue
Louisville, KY 40202
*Counsel for Plaintiff*

*Susan S. Wettle* /s/ AMW
Attorney for LGE USA

LOULibrary 0109599.0539368 527801v.2