UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 3:06-12-KKC

AARON LACEFIELD,                                                                                    PLAINTIFF,

v.                                              **OPINION AND ORDER**

LG ELECTRONICS, INC. and
LG ELECTRONICS MOBILECOMM USA, INC.,                                            DEFENDANTS.

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

This matter is before the court on the Motion for Summary Judgment (Rec. No. 51) filed by the Defendants LG Electronics Mobilecomm USA, Inc. and LG Electronics, Inc.  For the following reasons the court will GRANT the motion.

**I.    FACTS.**

In his Complaint (Rec. No. 18, Amended Complaint), the Plaintiff asserts that he was injured when the cell phone he was using "suddenly and unexpectedly rang at a very high decibel level." On his particular cell phone model, the user could increase the ringtone volume when the user was not engaged in a phone conversation by pressing certain keys on the side of the phone. When the user pressed the keys, the phone would emit for a fraction of a second a ringtone so that the user could determine when he had reached the desired ringtone volume level. When the user was actually engaged in a phone conversation, the same side keys would increase or decrease the voice volume on the call. There is no dispute that the cell phone was designed and manufactured by the Defendants.

The Plaintiff asserts that he was driving in his car, talking on the phone when he began having difficulty hearing the call. Thus, he pressed the phone's side keys to increase the voice volume of the call. He did not know that the call had actually been lost. Since he was no longer actually engaged in a cell phone conversation, when the Plaintiff pressed the side keys, with the phone still held to his left ear, it caused the phone to emit a ringtone.  He asserts he had an immediate, intense pain and a ringing sensation in his ear.

He further asserts he suffered "severe and serious injuries including permanent loss of hearing." The Plaintiff asserts strict liability, breach of express and implied warranties and negligence claims against the Defendants.

The Defendants move for summary judgment, arguing that Plaintiff has not presented sufficient evidence that the cell phone caused his alleged injuries, that the phone had an unreasonably dangerous design, or that he has suffered any damages.

## II.  STANDARD.

Under Fed. R. Civ. P. 56, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 322-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Rule 56(e) "requires the nonmoving party to go beyond

the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In considering a motion for summary judgment, the court must view the facts and draw all inferences therefrom in a light most favorable to the nonmoving party. *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The moving party must show conclusively that there is no genuine issue of material fact. *Id.* However, at the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter. *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249). The Court is not to judge the evidence or make findings of fact. *60 Ivy Street Corp.,* 822 F.2d at 1435-36. Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

"The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). "The nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris,* 260 F.3d 654, 665 (6th Cir. 2001).

**III.     ANALYSIS.**

    **A.     Whether the Motion for Summary Judgment is Premature.**

The Plaintiff asserts that the Motion for Summary Judgment should be denied because the Defendants have not yet produced certain discovery about the cell phone design. The Plaintiff filed a motion to compel that discovery on December 4, 2007 (Rec. No. 48). In the motion, the Plaintiff also requested an additional thirty days for discovery. The deadline to complete discovery in this matter was November 20,

2007. The Magistrate Judge has now denied the Plaintiff's Motion to Compel, noting that it was filed after the discovery deadline had passed. The Magistrate Judge also denied the Plaintiff's motion to extend discovery in this matter. (Rec. No. 61). Accordingly, the Defendants' Motion for Summary Judgment cannot be denied on the basis that it is premature or that there is still outstanding discovery in this matter.

**B.     Damages.**

The Defendants assert that the Plaintiff has not presented sufficient evidence that he suffered any damages. It is true that Dr. Joseph J. Creely, an otolaryngologist – or ear, nose, and throat medical doctor – who was the Plaintiff's treating physician, testified that the Plaintiff has normal hearing in both ears and that he has not suffered any functional hearing loss. (Rec. No. 49, Creely Dep. at 21, 23, 24, 25, 32).

Dr. Creely also testified, however, that the Plaintiff complains of tinnitus, which he described as a "subjective hearing of a noise in the ear that is not there. It can take the form of a hum, a buzz, crickets chirping, hissing tea kettle." (Rec. No. 49, Creely Dep. at 42). Dr. Creely testified that tinnitus, "can come and it can go. In many people it can be a lifelong situation." (Rec. No. 49, Creely Dep. at 44). Thus, the Plaintiff has presented sufficient evidence that he has suffered damages.

**C.     Causation.**

The next issue is whether the Plaintiff has produced sufficient evidence that the cell phone caused his tinnitus. The parties agree that Kentucky law governs this issue. "In a diversity action, the admissibility of evidence is governed by the Federal Rules of Evidence but the sufficiency is governed by state substantive law." *Laney v. Celotex Corp.*, 901 F.2d 1319, 1320 (6th Cir. 1990). For each of his claims, the Plaintiff must establish that the cell phone is the legal cause of his injury. *Holbrook v. Rose*, 458 S.W.2d 155, 158 (1970). Kentucky has adopted the legal causation standard set forth in Restatement (Second) of Torts § 431 (1965), *i.e.*, that the defendant's conduct must have been a "substantial factor" in bringing about the plaintiff's injury. *See Deutsch v. Shein*, 597 S.W.2d 141, 144 (Ky.1980).

Kentucky law generally requires expert or medical testimony to establish that an incident legally

caused a medical injury. Legal causation can be proved by circumstantial evidence "where the evidence reasonably establishes a causal connection between the alleged negligence and the injury." *Johnson v. Vaughn*, 370 S.W.2d 591, 597 (Ky.1963). "There may, of course, be situations in which causation is so apparent that laymen with a general knowledge would have no difficulty in recognizing it. . . But excepting those situations we have adhered to the rule that the causal connection between an accident and an injury must be shown by medical testimony and the testimony must be that the causation is probable and not merely possible." *Jarboe v. Harting*, 397 S.W.2d 775, 778 (Ky.1965). "[T]he necessary expert testimony may be supplied by the defendant's admissions during discovery, or through medical evidence obtained from other treating physicians." *Vance By and Through Hammons v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996).

"While reasonable inferences are permissible, a jury verdict must be based on something other than speculation, supposition or surmise. It is, of course, often difficult to draw the line between a reasonable inference and speculation. But evidence that will support a reasonable inference must indicate the probable, as distinguished from a possible cause." *Briner v. General Motors Corp.,* 461 S.W.2d 99, 101 (Ky.,1970)(citations omitted).

Nevertheless, "[w]hile evidence of causation must be in terms of probability rather than mere possibility, we have held that substance should prevail over form and that the total meaning, rather than a word-by-word construction, should be the focus of the inquiry." *Baylis v. Lourdes Hosp., Inc.*, 805 S.W.2d 122, 124 (Ky.,1991).

In this case, a juror could not reasonably infer from common or a layman's knowledge that the cell phone probably caused the Plaintiff's tinnitus. Thus, the issue on the Defendants' Motion for Summary Judgment is whether the Plaintiff has produced sufficient evidence from which a juror could reasonably infer that the cell phone probably caused the Plaintiff's tinnitus. On the issue of causation, the Plaintiff has produced the testimony of Dr. Creely and an affidavit by Dr. David Cunningham.

1) **Dr. Creely.**

Dr. Creely testified that there is a 5-decibel difference between the Plaintiff's hearing in his left ear and right ear and that the difference in the hearing "could explain his persistent complaint of tinnitus." (Rec. No. 49, Creely Dep. at 21, 25). In fact, Dr. Creely testified that tinnitus is a "response to hearing loss in the ear in most patients" and that the Plaintiff's tinnitus "was most likely due to the small loss that he had in his left ear." (Rec. No. 49, Creely Dep. at 25, 32). Dr. Creely testified "he's got a 5 decibel hearing loss in every frequency and that is the best explanation I have for unilateral tinnitus." (Rec. No. 49, Creely Dep. at 39). Thus, there is evidence from which a juror could infer that the tinnitus was probably caused by a hearing loss in the Plaintiff's left ear.

The issue, however, is whether there is sufficient evidence from which a jury could infer that the Plaintiff's hearing loss in his left ear was caused by the cell phone ring. On this issue, Dr. Creely testified that the Plaintiff's hearing loss in his left ear was "probably secondary to the acoustic trauma he had described." (Rec. No. 49, Creely Dep. at 32). He testified that the Plaintiff's audiogram results were "consistent with a sudden high frequency sensory neural loss," which means that the loss occurred "rapidly" and not "over time" and that "some event happened at point x, and after point x, the patient had a hearing loss." (Rec. No. 49, Creely Dep. at 32). Thus, there is evidence from which a juror could infer that the Plaintiff probably suffered an acoustic trauma and that the hearing loss in his left ear was probably due to the "acoustic trauma." But the issue is whether there is evidence from which a juror could infer that the cell phone ringing was the "acoustic trauma."

When asked whether the Plaintiff's cell phone ringtone would be consistent with the "acoustic trauma" that the Plaintiff had experienced, Dr. Creely stated, "I think you would have to do a measurement of the sound with a decibel meter at the distance that you would expect it to be against the ear. Certainly decibel levels increase with proximity to the tympanic membrane or the eardrum." (Rec. No. 49, Creely Dep. at 43-44). Dr. Creely testified that it was "plausible" that a sudden loud noise in the Plaintiff's ear could be the explanation for his complaints. But when asked specifically whether he could say it was medically

6

probable that the hearing loss was caused by the cell phone, Dr. Creely testified, "I mean I can say it's possible, but. . . when you say probable, that indicates to me a certain percentage of certainty. I can't give percentages of certainty of what could have caused this finding on the audiogram." (Rec. No. 49, Creely Dep. at 39). He testified that, at the time he saw the Plaintiff, he believed that the cell phone ringing was the "most likely explanation" for the Plaintiff's hearing loss but that he had not done any further "questioning or research" that would enable him to say it was a medical probability that the cell phone caused the hearing loss. (Rec. No. 49, Creely Dep. at 48-49).

Thus, while Dr. Creely testified that, based upon his conversations with and observations of the Plaintiff, he believed at that time he saw the Plaintiff that the cell phone ringing was the most likely explanation for the hearing loss, his testimony also makes clear that, in order for him to testify in the deposition or at trial that the cell phone probably caused the hearing loss, further tests would have to be conducted. There is no dispute that Dr. Creely did not conduct further testing. Thus, a juror could not infer on the basis of Dr. Creely's testimony that the cell phone ringing more than likely caused the Plaintiff's hearing loss in his left ear.

**2) Dr. Cunningham.**

The Plaintiff has also produced the affidavit of Dr. David Cunningham. There is some issue as to whether the court should consider Dr. Cunningham's affidavit since he was not previously disclosed to the Defendants. The court need not address this issue because, even if Dr. Cunningham's affidavit is considered, the Plaintiff has not produced sufficient evidence from which a juror could infer that the cell phone ringing probably caused the Plaintiff's hearing loss.

In his affidavit, Dr. Cunningham, who has a PhD in audiology and is a professor of audiology at the University of Louisville School of Medicine, states that, in order to determine the sound that impacted the Plaintiff's ear, he performed a series of sound pressure level (SPL) measurements on the cell phone model at issue and concluded that it produced on average 120 decibels SPL at its highest volume. But, even if a

7

juror could infer from Dr. Cunningham's testimony that the Plaintiff's cell phone ring measured 120 decibels when the sound was received by the Plaintiff's ear, the Plaintiff has produced absolutely no evidence that this sound level could cause hearing loss.

Dr. Creely testified that "hearing loss is a function of intensity of sound versus duration of exposure" and that he would "guesstimate" that the decibel level required to cause a single-event acoustic trauma hearing loss would be between 120 and 130 decibels but that he would have to pull out his textbooks to get an "official number." (Rec. No. 49, Creely Dep. at 36-37). But, a jury's verdict cannot be based on guesses or speculation.

If a juror were to hear the testimony of Dr. Creely and Dr. Cunningham, he could reasonably infer that the Plaintiff probably suffers tinnitus and that the tinnitus was more than likely caused by the hearing loss his left ear. A juror could also reasonably infer that the Plaintiff's cell phone ring probably measured 120 decibels. However, the juror would have no evidence from which he could reasonably infer that a cell phone ring measuring 120 decibels could probably cause hearing loss. This is not to say that the only way the Plaintiff could show that the cell phone probably caused his hearing loss would be with proof of the cell phone's decibel level and the decibel level required to cause hearing loss. But the Plaintiff has not produced any expert or medical testimony from which a juror could infer that the cell phone emitted a sound that was more than likely capable of causing hearing loss.

       3)     **Dr. Karwowski.**

The Plaintiff has also produced the expert report of Dr. Waldemar Karwowski, who has a Ph.D. in Industrial Engineering and is currently a professor in the Department of Industrial Engineering and an associate faculty member of the Department of Bioengineering at the University of Louisville's J.B. Speed School of Engineering. (Rec. No. 35, Karwowski Report). The Plaintiff has described Dr. Karwowski as an "engineer and human factors expert." (Rec. No. 47, Response at 2). He bases his opinions on his "experience and training in the field of human factors, ergonomics, and safety engineering, and my review

of the case documents. . . ."

The Defendants argue that Dr. Karwowski's testimony should be excluded because it does not meet the requirements of *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993) or Federal Rule of Evidence 702. The court need not resolve this issue for purposes of the motion currently before it because Dr. Karwowski's report does not address whether the cell phone ring caused the Plaintiff's hearing loss which, in turn, caused his tinnitus. Nor does the Plaintiff offer Dr. Karwowski's report as evidence of causation. The Plaintiff does not mention Dr. Karwowski's report in the portion of his response brief discussing causation. (Rec. No. 57, Response at 5-8).

In his report, Dr. Karwowski states that the cell phone model at issue was "defective and unreasonably dangerous because of the inherent potential for unexpected delivery of high sound level, transmitted from the phone to the ear of the customary user during the normal course of phone usage and/or operation. Such a hazard of high sound level exposure was hidden and not obvious to the public at the time of the accident." He states that, at the time the phone was manufactured, it was feasible to eliminate the hazard by "implementing alternative technical design." Dr. Karwowski also states that the cell phone manufacturer "[k]new or should have known [a]bout the said hazard and should have designed it out and/or warned the public about it."

Dr. Karwowski is not a medical doctor and does not purport to testify regarding whether the cell phone caused the Plaintiff's hearing loss. Rather, Dr. Karwowski formulated his opinions regarding the cell phone's design after reviewing the Plaintiff's complaint, discovery responses and medical records and the application manual and user guide for the phone at issue. As the Plaintiff concedes, in formulating his opinions, Dr. Karwowski starts from the assumption that the cell phone caused the hearing loss. (See Rec. No. 47, Response at 9-10, 13 n. 10). From that assumption, Dr. Karwowski expresses the opinion that the phone was defective and unreasonably dangerous because of its "inherent potential" to deliver a high sound level from the phone to the ear during the normal course of using the phone. Nevertheless, Dr. Karwowski

9

does not express any opinion as to whether the phone actually caused the Plaintiff's hearing loss.

### IV. CONCLUSION.

Accordingly, the Plaintiff has failed to produce sufficient evidence from which a juror could reasonably infer an essential element of the Plaintiff's claim, i.e., that the cell phone ringing was a substantial factor in the Plaintiff's hearing loss in his left ear. For this reason, the Defendants' Motion for Summary Judgment must be granted.

For all these reasons, the court hereby ORDERS that:

1) the Defendants' Motion for Summary Judgment (Rec. No. 51) is GRANTED;

2) all other pending motions in this matter are DENIED as moot; and

3) this matter is STRICKEN from the active docket of this court.

Dated this 26th day of February, 2008.

Signed By:
*Karen K. Caldwell*  KKC
United States District Judge